United States District Court
Southern District of Texas
**ENTERED**
September 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | Criminal Case No. 2:87-cr-00264-1 |
| **MANUEL VALDEZ-ANGUIANO** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Manuel Valdez-Anguiano's "Request for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for 'Extraordinary and Compelling Circumstances' and Section 404 of the First Step Act." (Dkt. No. 271). After reviewing the Motion, the record and the applicable law, the Court is of the opinion that it should be **DENIED**.

### I. BACKGROUND

In October 1987, Defendant was indicted for his involvement in a conspiracy to smuggle 1,000 pounds of cocaine worth $146 million into the United States from a supplier in Colombia via Defendant's ranch in Mexico using a private aircraft. Defendant was charged with: conspiracy to possess with intent to distribute cocaine (Count 1); conspiracy to import cocaine (Count 2); possession with intent to distribute cocaine (Count 3); importation of cocaine (Count 4); and using and carrying a firearm during and in relation to a drug trafficking crime (Count 5). Defendant remained a fugitive for approximately seven years until he was arrested in 1994 at the port of entry in Hidalgo, Texas. He was then tried to a jury, convicted on all counts, and sentenced to a total of 50 years in prison.[1]

---

[1] Defendant was sentenced to 20 years on Count 1; 40 years on each of Counts 2, 3, and 4; and 10 years on Count 5. The Court ordered the sentences on Counts 1 through 4 to run concurrently, with the sentence on Count 5 to run consecutively. Defendant was also ordered to pay a $10,000 fine on each count.

Defendant has now served 26 years (52%) of his sentence and has a projected release date, after good time credit, of October 6, 2026. Citing 18 U.S.C. § 3582(c)(1)(A)(i), he now moves the Court for compassionate release based on extraordinary and compelling reasons.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction* ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.**—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III.   ANALYSIS

Defendant argues that extraordinary and compelling reasons exist for his release based on his age (63) and unusually long sentence. He also emphasizes that he has made significant progress and participated in numerous rehabilitative programs in his more than 25 years of incarceration.

While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). Defendant is not elderly, and he has not identified any medical condition, family circumstance, or other extraordinary or compelling reason that would qualify him for compassionate release. There is also no merit to Defendant's claim that he is entitled to a sentence reduction because the First Step Act made retroactive the reforms enacted by the Fair Sentencing Act of 2010 reducing the disparity between crack and powder cocaine sentences. While the Fair Sentencing Act lowered the

4

mandatory minimums applicable to many crack offenders, it left the powder cocaine amounts intact.

Finally, Defendant does not claim to have pursued his remedies within the BOP before petitioning the Court for compassionate release as required, but instead argues that the exhaustion requirement must be waived because the administrative process would be incapable of granting adequate relief. "Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citations omitted). Because Movant has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See, generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

## IV.   CONCLUSION

For the reasons stated herein, Defendant's "Request for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for 'Extraordinary and Compelling Circumstances' and Section 404 of the First Step Act" (Dkt. No. 271) is **DENIED**.

It is SO ORDERED.

Signed this 1st of September, 2020.

*Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**